Filed 10/1/20  P. v. Muratalla CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD JAMES MURATALLA,<br><br>    Defendant and Appellant. | F078928<br><br>(Super. Ct. No. BF131824A)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers, Judge.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Franson, J. and Smith, J.

Appointed counsel for appellant, Richard James Muratalla, asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436; *In re Kevin S.* (2003) 113 Cal.App.4th 97.) Counsel filed an opening brief that sets forth the facts of the case. Appellant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no substantive argument from appellant. Rather, appellant confirmed he had no arguments to make regarding the present appeal, requesting instead information relevant to a desired habeas corpus filing. Finding, relevant to this appeal, no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment.

Following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In 2010, appellant was charged with five counts related to a purportedly gang-related shooting. The primary count was attempted murder (count 1), with enhancements alleging the conduct was premeditated, committed for the benefit of a street gang, and involving the personal discharge of a firearm. Additional counts alleged assault with a firearm (Pen. Code, § 245; count 2), possessing a firearm while being an active member of a gang (Pen. Code, § 12031; count 3), being a felon in possession of a firearm (Pen. Code, § 12021; count 4), and taking a vehicle (Veh. Code, § 10851; count 5). Several of these counts included enhancements related to the use of a firearm or participation in a gang.

Appellant was tried and convicted on these counts and subsequently appealed in case No. F063394 (*People v. Muratalla* (July 25, 2018) [nonpub. opn.]). Our opinion in that appeal set forth the facts underlying appellant's charges and ultimately found that errors in the proceedings required reversing the gang enhancements. Appellant's other challenges to his conviction were rejected. As a result, we reversed the true findings on the gang enhancements to counts 1 and 2, and modified appellant's conviction on count 3

to reduce the offense to the misdemeanor of carrying a loaded firearm in public. We then remanded the matter for "resentencing and possible retrial," further instructing the court to exercise its sentencing discretion on the firearm enhancements as recently amended by Senate Bill No. 620. (2017–2018 Reg. Sess.)

On remand, appellant requested a retrial and that the court utilize its discretion to strike appellant's firearm enhancements. The trial court heard argument on both points before determining that nothing in this court's prior opinion warranted a retrial and concluding that the nature of the crime and appellant's prior criminal history outweighed appellant's good behavior in prison and therefore justified denying the motion to strike the firearm enhancements. The court then resentenced appellant according to the convictions as modified by this court's appellate opinion. This appeal timely followed.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.